900 F.Supp. 650 (1995)
Michelle CATANZANO, by her parent and next friend, Sam CATANZANO, et al., Plaintiffs,
v.
Michael DOWLING, as Commissioner of the New York State Department of Social Services and Richard Schauseil, as Acting Director of the Monroe County Department of Social Services, Andrew Doniger, M.D., as Director of the Monroe County Department of Health, Defendants.
Richard SCHAUSEIL, as Acting Director of the Monroe County Department of Social Services, and Andrew Doniger, M.D., as Director of the Monroe County Department of Health, Third-Party Plaintiffs,
v.
Michael DOWLING, as Commissioner of the New York State Department of Social Services, and Mark Chassin, as Commissioner of the New York State Department of Health, Third-Party Defendants.
No. 89-CV-1127L.
United States District Court, W.D. New York.
September 20, 1995.
Elizabeth L. Schneider, Monroe County Legal Assistance Corp., Rochester, NY, for plaintiffs Michele Catanzano, Francine Catanzano, Sam Catanzano, Sarah Trafton, and intervenors-plaintiffs Jannie Wilson, Mary Jane Smith and Charles Smith.
John P. Costello, Rochester, NY, for defendants W. Burton Richardson, Joel Nitzken, Mary Jo Bane, as Commissioner of New York State Department of Social Services, Richard F. Schauseil, Andrew Doniger, as Director of the Monroe County Department of Health, Richard F. Schauseil as Acting Director of Monroe County Department of Social Services, Andrew Doniger.
*651 James L. Gelormini, Office of New York State, Attorney General, Rochester, NY, for defendant Gregory D. Kaladjian, Acting Commissioner of New York State Department of Social Services and third-party defendants Cesar A. Perales, David Axelrod, Mark Chassin, M.D., as Com'r of New York State Dept. of Health, Gregory M. Kaladjian, as Acting Com'r of New York State Dept. of Social Services.
John P. Costello, Rochester, NY, James L. Gelormini, Office of New York State, Attorney General, Rochester, NY, for third-party defendant Mary Jo Bane, as Commissioner of the New York State Department of Social Services.
Mark T. Walsh, Gleason, Dunn, Walsh & O'Shea, Albany, NY, for amicus curiae Home Care Association.
LARIMER, District Judge.

BACKGROUND
On June 22, 1995, this Court issued a Decision and Order directing the parties to work together to prepare a final plan to implement the Court's preliminary injunction, which was entered on March 31, 1994. The parties were further directed to submit to the Court their plan or, if they could not agree on one, their areas of dispute.
Defendant Dowling ("the State") submitted the State's proposed plan and supporting materials on August 25, 1995. On August 31, plaintiffs submitted their plan, which differs from the State's in several respects.
The parties were able to agree on many areas, and to a great extent both their plans are the same. Plaintiffs' plan, in fact, is simply a copy of the State's with certain portions changed to reflect the differences of opinion between the parties about certain issues.
The disputed matters fall into two categories: one concerning the right of Certified Home Health Agencies ("CHHAs") to refuse to accept patients, and the other concerning the necessity of obtaining written physician's orders before a CHHA may reduce or terminate a recipient's care. Since the parties have been unable to resolve these remaining areas of dispute, the Court must determine what provisions should be adopted to effectuate the preliminary injunction. The following Decision and Order contains my findings on these issues; the exact language to be incorporated into the final plan is set forth in the plan attached as Appendix A to this Decision and Order. The Court has utilized the plaintiff's proposed plan and has modified it as necessary to reflect those matters resolved in this decision.[1]

CHHAs' REFUSAL TO TAKE PATIENTS
The State's plan would allow a CHHA to refuse to accept a patient even after a professional director or fair-hearing decision has determined that the recipient should receive home health services. The State's plan would also allow CHHAs not to provide aid-continuing to recipients who have requested a fair hearing to dispute a proposed reduction or elimination of services. Plaintiffs would require CHHAs to provide services in both those instances.
In my June 22, 1995 decision, I deferred deciding this issue, noting that it had not been fully addressed as part of the preliminary-injunction motion, and that the issue concerning the extent to which CHHAs are state actors was then before the Second Circuit on appeal from my prior decision. I therefore stated that my ruling on this matter would await "further guidance from the Court of Appeals ..." Decision and Order, June 22, 1995, at 9.
The Court of Appeals' decision on July 13, 1995 has provided that guidance. The court expressly "reject[ed] the State's argument that the CHHA's determinations should not be deemed state action." 60 F.3d 113, 119. The court noted that CHHAs "are deeply integrated into the regulatory scheme" of New York's Medicaid system. Id. The Court of Appeals' holding that "CHHA action is state action," 60 F.3d at 118, compels the conclusion that CHHAs may *652 not refuse unilaterally to accept patients as provided in the State's plan.
I am not persuaded by the State's contention that the Court of Appeals' decision has no effect on the issue of whether a CHHA may refuse to accept or provide aid-continuing to a qualifying patient. While it is true that the Court of Appeals did not directly address this question, the implications of its reasoning are clear, and support plaintiffs' position.[2]
In its decision, the Second Circuit emphasized that CHHAs are in effect arms of the State whenever they are carrying out the State's statutorily mandated obligations. The court stated that it found "persuasive" the statement in my July 28, 1994 decision that it would be "patently unreasonable to presume that Congress would permit a state to disclaim federal responsibilities by contracting away its obligations to a private entity." 60 F.3d at 118 (quoting July 28, 1994 decision at 18). Thus, the court held, "CHHAs are not `independent actors doing business with the state,' but are entities that have assumed the `responsibility for [the State's] mandated health care duties.'" Id. at 120 (quoting J.K. v. Dillenberg, 836 F.Supp. 694, 697-98 (D.Ariz.1993)).
By the same token, then, the State cannot relieve itself of the obligation to provide home health care to eligible applicants merely because a CHHA does not wish to provide care. The State's position that the "Court of Appeals holding simply means that the State is responsible for certain CHHA decisions to deny, reduce, or discontinue home care," State's Report at 3, would be made meaningless if CHHAs could refuse to provide care even when the State itself is obligated to provide care. The State's "responsibility" would provide cold comfort to the applicant if that responsibility could be evaded simply by delegating these decisions to CHHAs. As the Court of Appeals held, that delegation of duty transforms CHHAs into state actors, and therefore the State's position on this issue is untenable.

WRITTEN DECISIONS
In my June 22, 1995 decision, I held that when the treating physician approves a reduction or elimination of services for a patient, the CHHA cannot reduce or eliminate those services without first obtaining a written order from the physician. The State now asks the court to reconsider this ruling. The State contends that requiring written orders is contrary to prevailing practices within the health care industry and that it would impose severe financial and administrative burdens on CHHAs and others in the system.
After reviewing the materials submitted by the State, I remain convinced that written orders should be required for reductions or discontinuances of services, essentially for the same reasons stated in my June 22, 1995 decision. The Medicaid statutes and regulations clearly show the importance of written orders in this area.
I am not convinced that a written-order requirement would be as onerous as the State maintains. This is not a matter of physicians composing extensive, intricately detailed directives every time they believe that services should be reduced. There appears to be no reason why the order could not be reduced to a relatively simple form with a few appropriate blanks or boxes so that the physician could easily and quickly indicate the action prescribed. When measured against the importance of what is at stake for the recipient, that hardly seems to be a crushing burden.
At the same time, however, I recognize that medical exigencies and administrative difficulties may make it impracticable to expect a prior written order for every reduction in services. Certainly medical personnel dealing with the day-to-day care of patients with potentially changing needs, ought to have a certain degree of flexibility in giving *653 and carrying out orders regarding patients' care.
I do not find it unreasonable, therefore, to allow CHHAs to act upon oral orders when the physician orally directs the CHHA to comply immediately with the order, provided that written confirmation of that order is promptly forthcoming. Such a procedure would balance recipients' interests in avoiding erroneous reductions or eliminations of care with the CHHAs' interests in efficiency and flexibility in carrying out physicians' orders.
The State's plan provides that written confirmation of oral orders must be provided within three (3) business days of the order. However, in further materials submitted by the State, the State requests that that period be lengthened to thirty (30) days. The State contends that this is necessary because of the practical difficulties involved in obtaining written confirmations.
After reviewing the State's submissions, I do believe that three (3) days may be an unrealistically short period in many instances. I am not convinced, however, that a full thirty (30) days is appropriate, especially considering the recipients' interests in these matters. I find, therefore, that when a physician directs a CHHA to comply immediately with an oral order to reduce or discontinue a recipient's care, the CHHA may comply, but that written confirmation must be obtained within seven (7) days of the oral order.

CONCLUSION
The plan attached as Appendix A to this Decision and Order ("the Plan") is to be adopted by defendants in order to implement the court's preliminary injunction entered on March 31, 1994. It is therefore
ORDERED that defendants are enjoined and restrained from:
(1) suspending, terminating or reducing the amount of home health care services received by members of plaintiffs' class otherwise than in accordance with the Plan;
(2) implementing the fiscal assessment procedures outlined in N.Y.Soc.Serv.L. § 367-j, 18 NYCRR § 505.23 and 92-ADM-50 otherwise than in accordance with the Plan; and it is further
ORDERED that defendants Dowling and his successors ("the State") must:
(1) ensure that local social services districts and CHHAs do not suspend, terminate or reduce the amount of home health care services received by members of plaintiffs' class otherwise than in accordance with the Plan; and
(2) take immediate steps in accordance with the Plan to provide notice and hearing rights to members of plaintiffs' class who have had their home health care services suspended, terminated or reduced without the benefit of notice, the right to a hearing or aid-continuing since November 15, 1993; and it is further
ORDERED that the process and procedures under the Plan mandated by this Decision and Order be implemented immediately but, in no event, no later than twenty (20) days after entry of this Order.
IT IS SO ORDERED.

APPENDIX A

IMPLEMENTATION PLAN
The text of the proposed letter to social services districts and CHHAs will read as follows:
"This is to advise you that the Department has been ordered to issue the following directive by Order of the United States District Court, Western District of New York, in an action entitled "Catanzano et al. v. Dowling et al" 89 CV 1127L.
The Order is limited to adverse actions taken contrary to a treating physician's orders with respect to home health services.
I. HOME HEALTH SERVICES APPLICANTS:
A. APPLICANT DENIALS BASED ON HEALTH AND SAFETY:
§ 100. Instructions to CHHAs:
(a) The following instructions apply when a certified home health agency (CHHA) determines that it will not admit an MA recipient *654 because the CHHA believes that the home health services ordered by the recipient's physician cannot maintain the recipient's health and safety in the home for one or more of the reasons specified in the New York State Department of Health (DOH) regulations at Title 10 NYCRR § 763.5(b)(1)(i) through (iv), § 763.5(b)(2)(i) or § 763.5(b)(2)(iv). These instructions do not apply when a CHHA determines not to admit an MA recipient for one or more of the reasons specified in DOH regulations at 10 NYCRR 763.5(b)(2)(ii)(a) through (c) or § 763.5(b)(2)(iii).
(b) When a CHHA determines that the home health services that an MA recipient's physician has ordered would not maintain the recipient's health and safety, the CHHA must consult with the physician. The purpose of this consultation is for the physician and the CHHA to develop, if possible, a plan of care that would maintain the recipient's health and safety.
§ 101. If, after consulting with the MA recipient's physician, the CHHA determines not to admit the recipient because the CHHA and the physician are unable to develop a plan of care that the CHHA believes would maintain the recipient's health and safety, the CHHA must follow the procedures set forth below:
(a) Hospitalized recipients:
The CHHA must refer a hospitalized recipient's case to the hospital discharge planner who, in accordance with existing procedures, will attempt to locate another CHHA that will agree to admit the recipient and provide home health services in accordance with the physician's order. If the discharge planner is unable to locate another CHHA, the discharge planner or the original CHHA must refer the recipient's case to the social services district. The referral must include a copy of the CHHA's assessment of the recipient, all other documentation that the CHHA has either prepared regarding the recipient or has received from the recipient's physician, and the name and telephone number or fax number of the recipient's physician. The CHHA or the discharge planner must inform the recipient and the recipient's physician that the recipient's case has been referred to the social services district.
(b) Non-hospitalized recipients:
The CHHA must refer a non-hospitalized recipient's case to the social services district. The CHHA's referral must include a copy of the documentation set forth in (a), above. The CHHA must inform the recipient and the recipient's physician that it has referred the recipient's case to the social services district.
§ 102. Instructions to social services districts:
(a) When a CHHA or a hospital discharge planner refers an MA recipient to the social services district in accordance with the procedures outlined in § 101(a) or (b) above, the social services district must forward the recipient's case and all relevant documentation to the local professional director or designee.
(b) The local professional director or designee will review the documentation and determine, on behalf of the social services district, whether home health services should be denied contrary to the physician's order or should be provided according to the physician's order.
(c) The local professional director or designee will notify the social services district and the CHHA of his or her final determination within 10 business days after receiving the MA recipient's case and all supporting documentation from the social services district.
§ 103. Depending on the local professional director's or designee's determination, the social services district must take the following action:
(a) Determinations denying home health services contrary to physician's order:
When the local professional director or designee determines that home health services should be denied contrary to the physician's order, the social services district must send the MA recipient an adequate notice, as defined in Department regulation 18 NYCRR 358-2.2. The social services district must use the new notice attached to this letter as Appendix A and entitled "NOTICE OF INTENT TO DENY HOME HEALTH SERVICES *655 (HEALTH AND SAFETY)." Until further notice, the social services district must photocopy this notice and issue it on legal-size rather than letter-size paper. The social services district must also issue the notice as a two-sided rather than a two-paged notice.
(b) Decisions that home health services should be provided according to physician's order:
When the local professional director or designee determines that home health services should be provided according to the physician's order, the social services district must attempt to refer the MA recipient's case to a CHHA that will agree to admit the recipient and provide home health services according to the physician's order. If the social services district is unable to find a CHHA that will do so, the social services district must direct a CHHA to admit the recipient and to provide the recipient with home health services according to the physician's order.
B. APPLICANT DENIALS BASED ON FISCAL ASSESSMENTS:
§ 104. By letter dated February 18, 1994, the Department advised CHHAs and social services districts that, until further notice, CHHAs must not conduct, and social services districts must not review, fiscal assessments of home health services applicants. The Department is now changing those instructions, as set forth below.
§ 105. Instructions to CHHAs:
(a) Beginning immediately, each CHHA must resume the conduct of fiscal assessments of each MA recipient who is applying for home health services and whom the CHHA reasonably expects will require home health services for more than 60 continuous days.
(b) For purposes of these instructions, home health services applicants include each MA recipient who is not currently receiving home health services, regardless of whether the recipient may have received such services in the past, and whom the CHHA reasonably expects will require home health services for more than 60 continuous days. A home health services applicant may be residing in his or her own home or in any other community setting in which home health services may be provided. A home health services applicant also includes any hospitalized MA recipient who is awaiting discharge and whom a CHHA reasonably expects will require home health services for more than 60 continuous days.
§ 106. Instructions to social services districts:
Beginning immediately, each social services district must resume the review of fiscal assessments that CHHAs conduct of MA recipients who are applying to the CHHAs for home health services. § 107. Agreement with CHHA's determination that home health services should be denied based on the fiscal assessment:
(a) The social services district must send the recipient an adequate notice when the district agrees with the CHHA's determination that the home health services ordered by the recipient's physician should be denied based on the fiscal assessment or should be denied because the recipient is appropriate for an "efficiency." (A list of the "efficiencies" is set forth at page 8 of 92 ADM-50.)
(b) The social services district must use the new notice attached to this letter as Appendix B and entitled "NOTICE OF INTENT TO DENY HOME HEALTH SERVICES (FISCAL ASSESSMENT AND EFFICIENCIES)." Until further notice, the social services district must photocopy this notice and issue it on legal-size paper rather than on letter-size paper. The social services district must also issue the notice as a two-sided notice, rather than a two-paged notice, and attach the one-page list of exception criteria to the notice.
§ 108. Disagreement with CHHA's determination that home health services should be denied or provided based on the fiscal assessment or based on the use of an "efficiency":
(a) The social services district must refer the recipient's case to the local professional director or designee when the district disagrees with the CHHA's determination that *656 the home health services ordered by the recipient's physician should be denied or provided based on the fiscal assessment or based on the use of one or more "efficiencies."
(b) The local professional director or designee must review the documentation submitted by the social services district and determine whether the recipient should be denied or provided home health services.
(c) The local professional director or designee must notify the social services district and the CHHA of his or her determination within 10 business days after receiving the recipient's case and all supporting documentation from the social services district.
(d) When the local professional director or designee determines that the MA recipient should be denied home health services, the social services district must send the recipient an adequate notice. The social services district must use the new notice attached to this letter as Appendix B and entitled "NOTICE OF INTENT TO DENY HOME HEALTH SERVICES (FISCAL ASSESSMENT AND EFFICIENCIES)." This is the same notice described in § 107 above. Until further notice, the social services district must photocopy this notice and issue it on legal-size paper rather than on letter-size paper. The social services district must also issue the notice as a two-sided notice, rather than a two-paged notice, and attach the one-page list of exception criteria to the notice.
(e) When the local professional director or designee determines that the MA recipient should be provided home health services, the social services district must attempt to refer the MA recipient's case to a CHHA that will agree to admit the recipient and provide home health services according to the physician's order. If the social services district is unable to find a CHHA that will do so, the social services district must direct a CHHA to admit the recipient and to provide the recipient with home health services according to the physician's order.
II. HOME HEALTH SERVICES RECIPIENTS:
A. CHHA determinations, contrary to physicians' orders, to discharge MA recipients because home health services cannot maintain recipients' health and safety:
§ 200. Instructions to CHHAs:
(a) The following instructions apply when a CHHA determines that it should discharge an MA recipient, although the physician disagrees, because the home health services ordered by the recipient's physician can no longer maintain the recipient's health and safety for one or more of the reasons specified in DOH regulations at 10 NYCRR § 763.5(h)(1), § 763.5(h)(4) or § 763.5(h)(5).
(b) These instructions do not apply when a CHHA determines that it should discharge an MA recipient for one or more of the reasons specified in DOH regulations at 10 NYCRR § 763.5(h)(2).
(c) Determinations to discharge based on a recipient's request (10 NYCRR § 763.5(h)(3)) are covered in sections 215 and 216 below.
§ 201. When a CHHA determines that the home health services ordered by the recipient's physician can no longer maintain an MA recipient's health and safety, the CHHA must consult with the physician. The CHHA may discharge the recipient if the recipient's physician provides the CHHA with a written statement that the recipient may be discharged or if the recipient's physician directs the CHHA to immediately comply with his oral statement that the recipient may be discharged, in which event a written statement from the physician authorizing discharge shall be provided within seven (7) days.
§ 202. When the recipient's physician does not provide the CHHA with such a written or oral statement agreeing to the discharge, the CHHA must:
(a) refer the recipient's case to a CHHA that, after assessing the recipient, agrees to admit the recipient and provide home health services according to the physician's order and continue to provide home health services according to the physician's order until the *657 new CHHA has assessed and admitted the recipient; OR
(b) refer the recipient's case to the social services district and continue to provide home health services according to the physician's order until notified otherwise by the social services district. The CHHA's referral must include a copy of the CHHA's assessment of the recipient, all other documentation that the CHHA has either prepared regarding the recipient or has received from the recipient's physician, and the name and telephone number or fax number of the recipient's physician. The CHHA must inform the recipient and the recipient's physician that it has referred the recipient's case to the social services district.
§ 203. Instructions to social services districts:
(a) When a CHHA refers an MA recipient to the social services district in accordance with the procedures outlined in § 202(b) above, the social services district must forward the recipient's case and all relevant documentation to the local professional director or designee.
(b) The local professional director or designee must review the documentation and determine, on behalf of the social services district, whether home health services should be discontinued contrary to the physician's order or should be provided according to the physician's order.
(c) The local professional director or designee will notify the social services district and the CHHA of his or her determination within 10 business days after receiving the MA recipient's case and all supporting documentation from the social services district.
§ 204. Depending on the local professional director's or designee's determination, the social services district must take the following action:
(a) Determinations that home health services should be discontinued contrary to physicians' orders:
When the local professional director or designee determines that home health services should be discontinued contrary to the physician's order, the social services district must send the MA recipient a timely and adequate notice. The social services district must use the new notice attached to this letter as Appendix C and entitled "NOTICE OF INTENT TO REDUCE OR DISCONTINUE HOME HEALTH SERVICES (HEALTH AND SAFETY)." Until further notice, the social services district must photocopy this notice and issue it on legal-size paper rather than letter-size paper. The social services district must also issue this notice as a two-sided notice rather than a two-paged notice.
(b) Determinations that home health services should be provided according to physicians' orders:
When the local professional director or designee determines that home health services should be provided according to the physician's order, the social services district must inform the CHHA of the determination and that the CHHA must provide the services according to the physician's order.
§ 205. Aid-continuing instructions to CHHAs and social services districts:
(a) When the social services district determines that home health services should be discontinued contrary to the physician's order, the CHHA must not discharge the recipient until the effective date of the fair hearing notice. The CHHA must also continue to provide the recipient with aid-continuing, for which the CHHA will continue to be reimbursed by the Medical Assistance Program, when the recipient requests a fair hearing prior to the effective date of the notice.
(b) The Department's Office of Administrative Hearings will notify the social services district of each recipient who has timely requested a fair hearing with aid-continuing. The social services district must then notify the CHHA of each such recipient who is entitled to receive aid-continuing.
B. CHHA determinations, contrary to physicians' orders, to reduce MA recipients' home health services because the recipients' medical conditions have improved:
§ 206. Instructions to CHHAs:
*658 These instructions apply when a CHHA determines that a recipient's home health services should be reduced because the recipient's medical condition has improved, or for other reasons related to the recipient's medical condition or health and safety, but the recipient's physician disagrees with the CHHA's determination.
§ 207. When a CHHA determines that a recipient's home health services should be reduced for such reasons, the CHHA must consult with the recipient's physician. The CHHA may reduce the recipient's home health services if the recipient's physician provides the CHHA with a written statement that the recipient's services may be reduced or if the recipient's physician directs the CHHA to immediately comply with his oral statement to reduce services, in which event a written statement from the physician authorizing a reduction in services shall be provided within seven (7) days.
§ 208. If the recipient's physician does not provide the CHHA with such a written or oral statement agreeing to the reduction, the CHHA must:
(a) refer the recipient's case to a CHHA that, after assessing the recipient, agrees to admit the recipient and provide home health services according to the physician's order and continue to provide home health services according to the physician's order until the new CHHA has assessed and admitted the recipient; OR
(b) refer the recipient's case to the social services district and continue to provide home health services according to the physician's order until notified otherwise by the social services district. The CHHA's referral must include a copy of the CHHA's assessment of the recipient, all other documentation that the CHHA has either prepared regarding the recipient or has received from the recipient's physician, and the name and telephone number or fax number of the recipient's physician. The CHHA must inform the recipient and the recipient's physician that it has referred the recipient's case to the social services district.
§ 209. Instructions to social services districts:
(a) When a CHHA refers an MA recipient to the social services district in accordance with the procedures outlined in § 208(b) above, the social services district must forward the recipient's case and all relevant documentation to the local professional director or designee.
(b) The local professional director or designee must review the documentation and determine, on behalf of the social services district, whether home health services should be reduced contrary to the physician's order or should be provided according to the physician's order.
(c) The local professional director or designee will notify the social services district and the CHHA of his or her determination within 10 business days after receiving the MA recipient's case and all supporting documentation from the social services district.
§ 210. Depending on the local professional director's or designee's determination, the social services district must take the following action:
(a) Determinations that home health services should be reduced contrary to physicians' orders:
When the local professional director or designee determines that home health services should be reduced contrary to the physician's order, the social services district must send the MA recipient a timely and adequate notice. The social services district must use the new notice attached to this letter as Appendix C and entitled: "NOTICE OF INTENT TO REDUCE OR DISCONTINUE HOME HEALTH SERVICES (HEALTH AND SAFETY)." Until further notice, the social services district must photocopy this notice and issue it on legal-size paper rather than letter-size paper. The social services district must also issue the notice as a two-sided notice rather than a two-paged notice.
(b) Determinations that home health services should be provided according to physicians' orders:
*659 When the local professional director or designee determines that home health services should be provided according to the physician's order, the social services district must inform the CHHA of the determination and that the CHHA must provide the services according to the physician's order.
§ 211. Aid-continuing instructions to CHHAs and social services district:
(a) When the social services district determines that home health services should be reduced contrary to the physician's order, the CHHA must not reduce the recipient's home health services until the effective date of the notice. The CHHA must also continue to provide the recipient with aid-continuing, for which the CHHA will continue to be reimbursed by the Medical Assistance Program, when the recipient requests a fair hearing prior to the effective date of the notice.
(b) The Department's Office of Administrative Hearings will notify the social services district of each recipient who has timely requested a fair hearing with aid-continuing. The social services district must then notify the CHHA of each such recipient who is entitled to receive aid-continuing.
C. Discontinuances based on fiscal assessments and reductions based on the use of efficiencies:
§ 212. AGREEMENT CASES
When a social services district agrees with a CHHA's determination, which was made contrary to the physician's order, that the recipient's home health services should be reduced based on the use of one or more efficiencies or discontinued based on the fiscal assessment, the district must follow the procedures set forth below:
(a) Agreement on reductions:
When the social services district agrees with the CHHA that the recipient's home health services should be reduced based on the use of one or more efficiencies, the district must send the recipient a timely and adequate "NOTICE OF INTENT TO REDUCE HOME HEALTH SERVICES (FISCAL ASSESSMENT/EFFICIENCIES)" This is a new notice that is attached to this letter as Appendix D and that replaces Attachment 4 of 92 ADM-50. Until further notice, the social services district must photocopy this new notice and issue it as a two-sided notice rather than a two-paged notice on legal-size paper.
(b) Agreement on discontinuances:
When the social services district agrees with the CHHA that the recipient's home health services should be discontinued based on the fiscal assessment, the social services district must send the recipient a timely and adequate "NOTICE OF INTENT TO DISCONTINUE HOME HEALTH SERVICES (FISCAL ASSESSMENT)." This is a new notice that is attached to this letter as Appendix E and that replaces Attachment 5 of 92 ADM-50. Until further notice, the social services district must photocopy this new notice and issue it as a two-sided notice rather than a two-paged notice on legal-size paper. The social services district must also attach the one-page list of exception criteria as page 3 of this discontinuance notice.
§ 213. DISAGREEMENT CASES
(a) When a social service district disagrees with a CHHA's determination whether or not a recipient's home health services should be reduced based on the use of one or more efficiencies, or discontinued based on the fiscal assessment, the district must refer the recipient's case to the local professional director or designee.
(b) The local professional director or designee will review the documentation submitted by the social services district and determine whether the recipient's home health services should be reduced or discontinued.
(c) The local professional director or designee will notify the social services district and the CHHA of his or her final determination within 10 business days after receiving the recipient's case and all supporting documentation from the social services district.
(d) When the local professional director or designee determines that the recipient's home health services should be reduced or discontinued, the social services district must provide the recipient with timely and adequate notice. For reductions, the district *660 must use the notice attached to this letter as Appendix D and entitled "NOTICE OF INTENT TO REDUCE HOME HEALTH SERVICES (FISCAL ASSESSMENT/EFFICIENCIES)." For discontinuances, the district must use the notice attached to this letter as Appendix E and entitled "NOTICE OF INTENT TO DISCONTINUE HOME HEALTH SERVICES (FISCAL ASSESSMENT)."
§ 214. Aid-continuing instructions to CHHAs and social services districts:
(a) The CHHA must not reduce or discontinue the recipient's home health services until the effective date of the fair hearing notice. In addition, the CHHA must continue to provide the recipient with aid-continuing, for which the CHHA will continue to be reimbursed by the Medical Assistance Program, when the recipient requests a fair hearing prior to the effective date of the notice. The Department's Office of Administrative Hearings will notify the social services district of each recipient who has timely requested a fair hearing with aid-continuing.
(b) The social services district must then notify the CHHA of each such recipient who is entitled to receive aid-continuing.
D. Recipient's Requests to be Discharged
§ 215. Written requests for discharge
(a) Instructions to CHHAs:
When a CHHA receives a clear, written statement that has been signed by a recipient and states that the recipient no longer wishes home health services, the CHHA must consult with the recipient's physician. When the recipient's physician believes that the recipient should continue to receive home health services according to the physician's recommendations, the CHHA must inform the social services district that the recipient wishes to be discharged contrary to the physician's recommendations. The CHHA must continue to provide home health services to the recipient in accordance with the physician's recommendations.
(b) Instructions to social services districts:
(i) When a social services district is informed by a CHHA, in accordance with section 215(a), that the recipient has submitted a clear, written statement that he or she no longer wishes to receive home health services, the district must send the recipient an adequate notice, as defined in Department regulation 18 NYCRR 358-2.2. The social services district must use the new notice attached to this directive as Appendix F and entitled "ADEQUATE NOTICE OF INTENT TO DISCONTINUE HOME HEALTH SERVICES (AT RECIPIENT'S REQUEST)." Until further notice, the social services district must photocopy this notice and issue it on legal-size rather than letter-size paper. The social services district must also issue the notice as a two-sided rather than a two-paged notice.
(ii) When the recipient requests a fair hearing within 10 days after the date that the fair hearing notice is postmarked, the social services district must notify the CHHA that it must provide aid-continuing, for which the CHHA will be reimbursed by the Medical Assistance Program.
(iii) The Department's Office of Administrative Hearings will notify the social services district of each recipient who has timely requested that his or her benefits be reinstated. The social services district must then notify the CHHA that it must provide aid-continuing to the recipient pending issuance of a fair hearing decision.
§ 216. Oral requests for discharge:
(a) Instructions to CHHAs:
When a recipient orally states to CHHA personnel that he or she no longer wishes to receive home health services, the CHHA must consult with the recipient's physician. When the recipient's physician believes that the recipient should continue to receive home health services according to the physician's recommendation, the CHHA must inform the social services district that the recipient wishes to be discharged contrary to the physician's recommendation and continue to provide home health services according to the physician's recommendations.
(b) Instructions to social services districts:
(i) When a social services district is informed by a CHHA, in accordance with section 216(a), that the recipient has orally stated *661 that he or she no longer wishes to receive home health services, the district must send the recipient a timely and adequate notice. The social services district must use the new notice attached to this directive as Exhibit G and entitled "TIMELY AND ADEQUATE NOTICE OF INTENT TO DISCONTINUE HOME HEALTH SERVICES (AT RECIPIENT'S REQUEST)" Until further notice, the social services district must photocopy this notice and issue it on legal-size paper rather than letter-size paper. The social services district must also issue this notice as a two-sided notice rather than a two-paged notice.
(ii) When the recipient requests a fair hearing prior to the effective date of the notice, the social services district must notify the CHHA that it must provide aid-continuing, for which the CHHA will be reimbursed by the Medical Assistance Program.
(iii) The Department's Office of Administrative Hearings will notify the social services district of each recipient who has timely requested a fair hearing with aid-continuing. The social services district must then notify the CHHA that it must provide aid-continuing to the recipient pending issuance of a fair hearing decision.
III. RETROACTIVE RELIEF:
A. CHHA determinations made on or after November 15, 1993, to deny admission to or discharge MA recipients for reasons related to recipients' health and safety or to reduce MA recipients' home health services for reasons related to recipients' health and safety:
§ 301. Except as provided below, the following instructions apply to the following CHHA determinations made on or after November 15, 1993:
a. CHHA determinations not to admit MA recipients because home health services cannot maintain the recipients' health and safety;
b. CHHA determinations to discharge MA recipients because home health services can no longer maintain the recipients' health and safety for one or more of the reasons specified in DOH regulations at 10 NYCRR § 763.5(h)(1), 763.5(h)(4) or 763.5(h)(5); and
c. CHHA determinations to reduce MA recipients' home health services because the recipients' medical conditions have improved or for other reasons related to the recipients' medical conditions or health and safety.
§ 302. These instructions DO NOT apply to the following CHHA determinations on or after November 15, 1993:
a. Any CHHA determination made on or after November 15, 1993 to deny admission to an MA recipient when the recipient's physician agreed with the CHHA's determination not to admit the recipient;
b. Any CHHA determination made on or after November 15, 1993, to reduce an MA recipient's home health services when the recipient's physician had ordered that the recipient's services be reduced and the CHHA reduced the services consistent with the physician's order;
c. Any CHHA determination made on or after November 15, 1993, to discharge an MA recipient for reasons related to the recipient's medical condition when the recipient's physician had ordered that the recipient be discharged and the CHHA discharged the recipient consistent with the physician's order;
d. Any CHHA determination made on or after November 15, 1993, to discharge an MA recipient for one or more of the reasons specified in DOH regulations at 10 NYCRR § 763.5(h)(2) or § 763.5(h)(3); and
c. Any CHHA determination made with respect to an MA recipient who is now deceased.
§ 303. Instructions to CHHAs:
(a) Each CHHA must review its case records on all MA recipients whom the CHHA either denied admission to or discharged on or after November 15, 1993, or whose home health services were reduced on or after such date.
(b) The CHHA is not required to take any further action with respect to any MA recipient who was denied admission or discharged or whose services were reduced in accordance with § 302(a), (b), (c), (d), or (e) above. *662 The CHHA is required, however, to take certain action with respect to all other MA recipients whom the CHHA denied admission to or discharged on or after November 15, 1993, or whose services were reduced on or after such date and who did not receive an adequate fair hearing notice and an opportunity to request a fair hearing with aid-continuing, when aid-continuing was appropriate.
Specifically, the CHHA must obtain a new physician's order and conduct a new assessment of the MA recipient in accordance with DOH regulations.
§ 304. When the CHHA agrees with the new physician's order, the CHHA must admit or discharge the recipient or provide the recipient services in accordance with the order.
§ 305. When the CHHA disagrees with the new physician's order, the CHHA must follow the appropriate instructions to CHHAs previously set forth in this directive. Specifically, the CHHA must follow the instructions to CHHAs in section 100 et seq when the CHHA determines not to admit the recipient contrary to the physician's order; the CHHA must follow the instructions to CHHAs in section 200 et seq, and the aid-continuing instructions in section 205, when the CHHA determines that the recipient should be discharged contrary to the physician's order; and the CHHA must follow the instructions to CHHAs in section 206 et seq, and the aid-continuing instructions in section 211, when the CHHA determines that the recipient's services should be reduced contrary to the physician's order. Aid continuing must be provided at the level of services required by the physician's new order.
§ 306. Instructions to social services districts:
The social services district must follow the appropriate instructions to social services districts set forth in this directive. Specifically, the social services districts must follow the instructions to social services districts in section 102 et seq when acting upon a CHHA's determination, contrary to the physician's order, not to admit an MA recipient for health and safety reasons; the district must follow the instructions to social services districts in section 203 et seq, and the aid-continuing instructions in section 205, when acting upon a CHHA's determination, contrary to the physician's order, to discharge an MA recipient for health and safety reasons; and the district must follow the instructions to social services districts in section 209 et seq, and the aid-continuing instructions in section 211, herein when acting upon a CHHA's determination, contrary to the physician's order, to reduce a recipient's home health services. Aid-continuing must be provided at the level of services required by the physician's new order.
B. Social services districts determinations made on or after November 15, 1993, to deny, reduce or discontinue MA recipients' home health services based upon fiscal assessments:
§ 307. Reductions or discontinuances:
Social services districts and CHHAs are reminded that the instructions set forth in the Department's February 25, 1994, memorandum entitled "Further Catanzano instructions: retroactive relief" remain in effect. These instructions apply to MA recipients whose home health services were reduced or discontinued on or after November 15, 1993, for reasons related to fiscal assessments. A copy of these instruction is attached to this directive as Appendix H.
§ 308. Denials contrary to physicians' orders:
Social services districts must identify each case that meets the following requirements:
a. The CHHA conducted an initial fiscal assessment on or after November 15, 1993, on any MA recipient, regardless of whether the recipient was hospitalized or residing at home, who was not receiving home health services from the CHHA when it conducted the fiscal assessment;
b. The social services district agreed or disagreed with the CHHA's determination not to admit the MA recipient because the recipient's home care costs exceeded 90 percent of RHCF costs and the recipient did not meet any exception criteria;
*663 c. The recipient was denied home health services as a result of the fiscal assessment and contrary to the physician's order; and
d. The social services district did not send the MA recipient an adequate fair hearing notice advising the recipient of his or her right to request a fair hearing to appeal the denial of home health services.
§ 309. Social services districts have the following responsibilities for each MA recipient whom the districts identify as meeting the requirements set forth in (a) through (d) of § 308 above:
a. The social services district must notify the CHHA of each recipient whom the district identifies as meeting these requirements;
b. The CHHA must complete a new assessment of the recipient including a new fiscal assessment and forward the fiscal assessment to the district; and
c. The social services district must follow the notice and fair hearing instructions previously set forth at section 107 herein when the social services district agrees with the CHHA's determination that home health services should be denied based on the fiscal assessment. When the social services district disagrees with the CHHA's determination that home health services should be denied or provided based on the fiscal assessment, the district must follow the notice and fair hearing instructions previously set forth at section 108 herein.
§ 310. Should you have questions regarding your responsibilities, please telephone Mary Jane Conroy, Medical Assistance Specialist II, at (518) 473-5565 or by fax at (518) 486-4112.
NOTES
[1] For ease of reference, the Court will provide the parties with a copy of plaintiff's plan which highlights the changes.
[2] It should also be noted that the State expressly raised this very issue before the Court of Appeals. At page 24 of its appellate brief, the State argued that "[e]ven if a hearing were to be provided, and the issue resolved in a recipient's favor, there is no way that the State can compel the CHHA to provide" care if the CHHA decides that the prescribed level of care is inappropriate. The Court of Appeals' declination to address this argument indicates that it was not persuaded by it then, and I am not persuaded by it now.